## MASON v. ELDRED ET AL.

1. Under the plea of the general issue in actions of assumpsit evidence may be received to show, not merely that the alleged cause of action never existed, but also to show that it did not subsist at the commencement of the action.

   Accordingly, if a promissory note upon which an action is brought has been merged in a judgment previously recovered thereon, such judgment being a bar to the action, an exemplification of its record is admissible under the general issue.

2. The rule of the common law, declared in this case to be that a judgment against one upon a contract merely joint of several persons, bars an action against the others; and that the entire cause of action is merged in the judgment. The case of *Shechy* v. *Mandeville & Jamesson* (6 Cranch, 254), commented upon, shown not to have been generally approved, and in effect here overruled.

3. The common law rule above stated is altered by statute in Michigan, the statute declaring that a judgment recovered in an action brought against all the copartners shall not merge the liability of the copartners not served with process and not appearing in the action, but that the judgment shall only be evidence of the extent of the plaintiff's demand after their liability is by other evidence established.

ON certificate of division between the judges of the Circuit Court for Wisconsin. A statute of Michigan, known as "the Joint Debtor Act,"* thus enacts:

1. "In actions against two or more persons jointly indebted upon any joint obligation, contract, or liability, if the process issued against all of the defendants shall have been duly served upon either of them, the defendant so served shall answer to the plaintiff, and in such case the judgment, if rendered in favor of the plaintiff, shall be against all the defendants, in the same manner as if all had been served with process.

2. "Such judgment shall be conclusive evidence of the liabilities of the defendant who was served with process in the suit, or who appeared therein; but against every other defendant, it shall be evidence only of the extent of the plaintiff's demand, after the liability of such defendant shall have been established by other evidence."

---

* Compiled Laws of Michigan of 1857, vol. 2, chap 133, page 1219.

Other sections provide that execution shall be issued *in form* against all of the defendants; that the execution shall be levied on the sole property of the defendant served, or on the joint property of all the defendants, and that the plaintiff may sue out a *scire facias* against the defendants not served to show why the plaintiffs ought not to have execution against them, the same as if they had been served with the process by which the suit was commenced.

With this statute in force in Michigan, Mason sued, in the Circuit Court for *Wisconsin*, Anson Eldred, Elisha Eldred, and one Balcom, trading as partners, upon a partnership note of theirs. Process was served on *Anson* Eldred alone, who alone appeared, and pleaded *non assumpsit.* On the trial, the note being put in evidence by the plaintiff, Eldred offered the record of a judgment in one of the State courts of Michigan, showing that Mason had already brought suit in that court on the same note against the partnership; where, though *Elisha* Eldred was alone served and alone appeared, judgment in form had passed against all the defendants for the full amount due upon the note.

The evidence being objected to by the plaintiff, because not admissible under the pleadings, and because it appeared on the face of the record that there was no judgment against either of the defendants named except Elisha Eldred, who alone, as appeared also, was served or appeared, and because it was insufficient to bar the plaintiff's action, the question whether it was evidence under the issue in bar of, and to defeat a recovery against Anson Eldred, was certified to this court for decision as one on which the judges of the Circuit Court were opposed.

*Mr. G. W. Lakin, for the plaintiff:*

1. The record offered was inadmissible under the plea of *non assumpsit.* That plea puts the plaintiff to the proof of all that he alleges. It makes no allusion to a "*former recovery*," nor to any claim that the supposed original liability has assumed a higher form. It is also at variance with the

rule, that a matter of defence, which *admits* the facts stated in the declaration, but avoids them, should. be specially pleaded.*

2. There is a distinction between copartnership promissory notes, or contracts, and ordinary joint notes, or contracts. The former are in effect several, as well as joint.

3. A judgment against one joint debtor, is no bar to a suit against the other, even though pleaded. In *Sheehy* v. *Mandeville & Jamesson*,† in this court, the plea interposed by Mandeville, was, in substance, that, in a former suit, judgment had been rendered in favor of Sheehy, against Jamesson (his partner) on the same note. The note had been signed, " Robert B. Jamesson." In the first action it was treated as the note of Jamesson alone, and judgment rendered against him. In the second as the note of Mandeville & Jamesson, trading under the name of " Robert B. Jamesson." There was a judgment against Jamesson, and this court decided it to be proper to give judgment against the other partner. This is the point presented in the case at bar. There have been many attempts in State courts, to overturn this decision, and sometimes, in the Federal courts, to evade it, by getting up and drawing fancied distinctions, but it stands, because founded in good reason. "In point of real justice," says Marshall, C. J., " there can be no reason why an unsatisfied judgment against Jamesson should bar a claim upon Mandeville." In *Dennett* v. *Chick*,‡ a case in Maine, the same doctrine was held.

4. The statute of Michigan, correctly construed, negatives the conclusion that the judgment against Elisha Eldred is a bar to an action against Anson Eldred.§

*Mr. J. W. Cary, contra,* contended:

1. That under the general issue, anything was admissible that showed that no cause of action existed at the time of bringing the suit.

---

* See Chitty's Pleading, 479; 3 Id. 929; Dexter v. Hazen & Arnold, 10 Johnson, 246.

† 6 Cranch, 253.                    ‡ 2 Greenleaf, 191.

§ Bonesteel v. Todd, 9 Michigan, 371; Oakley v. Aspinwall, 4 Comstock, 513

2. That whether *Sheehy* v. *Mandeville,* was, or was not analogous in all its features to the case at bar, it had, as generally understood, never been well received; and that numerous cases establishing a better principle were arrayed against it.

3. That the statute of Michigan affirmed the conclusion, that the judgment in Michigan was a bar to an action against Anson Eldred in Wisconsin. Why else did it permit the *joint property* of the defendants to be bound by this judgment?

Mr. Justice FIELD, after stating the case, delivered the opinion of the court, as follows:

The counsel of the plaintiff suggests that the question presented by the certificate of the judges of the Circuit Court is divisible into two parts: 1st. Whether the record of the judgment recovered in Michigan was admissible under the pleadings; and, 2d. Whether, if admissible, the judgment constituted a bar to the present action. We think, however, that the admissibility of the record depends upon the operation of the judgment.

If the note in suit was merged in the judgment, then the judgment is a bar to the action, and an exemplification of its record is admissible, for it has long been settled that under the plea of the general issue in assumpsit evidence may be received to show, not merely that the alleged cause of action never existed, but also to show that it did not subsist at the commencement of the suit.* On the other hand, if the note is not thus merged, it still forms a subsisting cause of action, and the judgment is immaterial and irrelevant.

The question then for determination relates to the operation of the judgment upon the note in suit.

The plaintiff contends that a copartnership note is the several obligation of each copartner, as well as the joint obligation of all, and that a judgment recovered upon the note

---

* Young *v.* Black, 7 Cranch, 565; Young *v.* Rummell, 2 Hill, 480.

against one copartner is not a bar to a suit upon the same note against another copartner; and the latter position is insisted upon as the rule of the common law, independent of the joint debtor act of Michigan.

It is true that each copartner is bound for the entire amount due on copartnership contracts; and that this obligation is so far several that if he is sued alone, and does not plead the non-joinder of his copartners, a recovery may be had against him for the whole amount due upon the contract, and a joint judgment against the copartners may be enforced against the property of each. But this is a different thing from the liability which arises from a joint and several contract. There the contract contains distinct engagements, that of each contractor individually, and that of all jointly, and different remedies may be pursued upon each. The contractors may be sued separately on their several engagements or together on their joint undertaking. But in copartnerships there is no such several liability of the copartners. The copartnerships are formed for joint purposes. The members undertake joint enterprises, they assume joint risks, and they incur in all cases joint liabilities. In all copartnership transactions this common risk and liability exist. Therefore it is that in suits upon these transactions all the copartners must be brought in, except when there is some ground of personal release from liability, as infancy or a discharge in bankruptcy; and if not brought in, the omission may be pleaded in abatement. The plea in abatement avers that the alleged promises, upon which the action is brought, were made jointly with another and not with the defendant alone, a plea which would be without meaning, if the copartnership contract was the several contract of each copartner.

The language of Lord Mansfield in giving the judgment of the King's Bench in *Rice* v. *Shute*,* " that all contracts with partners are joint and several, and every partner is liable to pay the whole," must be read in connection with

---

* Burrow, 2511.

the facts of the case, and when thus read does not warrant the conclusion that the court intended to hold a copartnership contract the several contract of each copartner, as well as the joint contract of all the copartners, in the sense in which these terms are understood by the plaintiff's counsel, but only that the obligation of each copartner was so far several, that in a suit against him judgment would pass for the whole demand, if the non-joinder of his copartners was not pleaded in abatement.

The plea itself, which, as the court decided, must be interposed in such cases, is inconsistent with the hypothesis of a several liability.

For the support of the second position, that a judgment against one copartner on a copartnership note does not constitute a bar to a suit upon the same note against another copartner, the plaintiff relies upon the case of *Sheehy* v. *Mandeville & Jamesson*, decided by this court, and reported in 6 Cranch, 254. In that case the plaintiff brought a suit upon a promissory note given by Jamesson for a copartnership debt of himself and Mandeville. A previous suit had been brought upon the same note against Jamesson alone, and judgment recovered. To the second suit against the two copartners the judgment in the first action was pleaded by the defendant, Mandeville, and the court held that it constituted no bar to the second action, and sustained a demurrer to the plea.

The decision in this case has never received the entire approbation of the profession, and its correctness has been doubted and its authority disregarded in numerous instances by the highest tribunals of different States. It was elaborately reviewed by the Supreme Court of New York in the case of *Robertson* v. *Smith*,[*] where its reasoning was declared unsatisfactory, and a judgment rendered in direct conflict with its adjudication.

In the Supreme Court of Massachusetts a ruling similar to that of *Robinson* v. *Smith* was made.[†] In *Wann* v. *Mc-*

---

[*] 18 Johnson, 459.          [†] Ward *v.* Johnson, 13 Massachusetts, 148.

*Nulty,** the Supreme Court of Illinois commented upon the case of *Sheehy* v. *Mandeville,* and declined to follow it as authority. The court observed that notwithstanding the respect which it felt for the opinions of the Supreme Court of the United States, it was well satisfied that the rule adopted by the several State courts—referring to those of New York, Massachusetts, Maryland, and Indiana—was more consistent with the principles of law, and was supported by better reasons.

In *Smith* v. *Black,*† the Supreme Court of Pennsylvania held that a judgment recovered against one of two partners was a bar to a subsequent suit against both, though the new defendant was a dormant partner at the time of the contract, and was not discovered until after the judgment. "No principle," said the court, " is better settled than that a judgment once rendered absorbs and merges the whole cause of action, and that neither the matter nor the parties can be severed, unless indeed where the cause of action is joint and several, which, certainly, actions against partners are not."

In its opinion the court referred to *Sheehy* v. *Mandeville,* and remarked that the decision in that case, however much entitled to respect from the character of the judges who composed the Supreme Court of the United States, was not of binding authority, and it was disregarded.

In *King* v. *Hoar,*‡ the question whether a judgment recovered against one of two joint contractors was a bar to an action against the other, was presented to the Court of Exchequer and was elaborately considered. The principal authorities were reviewed, and the conclusion reached, that by the judgment recovered the original demand had passed *in rem judicatam,* and could not be made the subject of another action. In the course of the argument the case of *Sheehy* v. *Mandeville* was referred to as opposed to the conclusion reached, and the court observed that it had the greatest respect for any decision of Chief Justice Marshall, but that

---

\* 2 Gilman, 359.                    † 9 Sergeant & Rawle, 142.

‡ 13 Meeson & Welsby, 495.

the reasoning attributed to him in the report of that case
was not satisfactory.   Mr. Justice Story, in *Trafton* v. *The
United States*,* refers to this case in the Exchequer, and to
that of *Sheehy* v. *Mandeville*, and observes that in the first
case the Court of Exchequer pronounced what seemed to
him a very sound and satisfactory judgment, and as to the
decision in the latter case, that he had for years entertained
great doubts of its propriety.

The general doctrine maintained in England and the Uni-
ted States may be briefly stated.   A judgment against one
upon a joint contract of several persons, bars an action
against the others, though the latter were dormant partners
of the defendant in the original action, and this fact was un-
known to the plaintiff when that action was commenced.
When the contract is joint, and not joint and several, the
entire cause of action is merged in the judgment.   The
joint liability of the parties not sued with those against
whom the judgment is recovered, being extinguished, their
entire liability is gone.   They cannot be sued separately,
for they have incurred no several obligation; they cannot
be sued jointly with the others, because judgment has been
already recovered against the latter, who would otherwise
be subjected to two suits for the same cause.

If, therefore, the common law rule were to govern the
decision of this case, we should feel obliged, notwithstand-
ing *Sheehy* v. *Mandeville*, to hold that the promissory note
was merged in the judgment of the court of Michigan, and
that the judgment would be a bar to the present action.
But, by a statute of that State† the rule of the common
law is changed with respect to judgments upon demands of
joint debtors, when some only of the parties are served with
process.   The statute enacts that "in actions against two or
more persons jointly indebted upon any joint obligation,
contract, or liability, if the process against all of the de-
fendants shall have been duly served upon either of them,

---

* 3 Story, 651.

† Compiled Laws of Michigan of 1857, vol. 2, chap. 133, page 1219

the defendant so served shall answer to the plaintiff, and in such case the judgment, if rendered in favor of the plaintiff, shall be against all the defendants in the same manner as if all had been served with process," and that, "such judgment shall be conclusive evidence of the liabilities of the defendant who was served with process in the suit, or who appeared therein; but against every other defendant it shall be evidence only of the extent of the plaintiff's demand, after the liability of such defendant shall have been established by other evidence."

Judgments in cases of this kind against the parties not served with process, or who do not appear therein, have no binding force upon them, personally. The principle is as old as the law, and is of universal justice, that no one shall be personally bound until he has had his day in court, which means until citation is issued to him, and opportunity to be heard is afforded.* Nor is the demand against the parties not sued merged in the judgment against the party brought into court. The statute declares what the effect of the judgment against him shall be with respect to them; it shall only be evidence of the extent of the plaintiff's demand after their liability is by other evidence established. It is entirely within the power of the State to limit the operation of the judgment thus recovered. The State can as well modify the consequences of a judgment in respect to its effect as a merger and extinguishment of the original demand, as it can modify the operation of the judgment in any other particular.

A similar statute exists in the State of New York, and the highest tribunals of New York and Michigan, in construing these statutes, have held, notwithstanding the special proceedings which they authorize against the parties not served to bring them afterwards before the court, if found within the State, that such parties may be sued upon the original demand.

In *Bonesteel* v. *Todd*,† an action of covenant was brought

---

\* D'Arcy *v.* Ketchum, 1 Howard, 165.     † 9 Michigan, 379.

against two parties to recover rent reserved upon a lease. One of them was alone served with process, and he appeared and pleaded the general issue, and on the trial, as in the case at bar, produced the record of a judgment recovered against himself and his co-defendant under the joint debtor act of New York, process in that State having been served upon his co-defendant alone. The court below held the judgment to be a bar to the action. On error to the Supreme Court of the State this ruling was held to be erroneous. After referring to decisions in New York, the court said, "No one has ever doubted the continuing liability of all parties. We cannot, therefore, regard the liability as extinguished. And, inasmuch as the new action must be based upon the original claim, while, as in the case of foreign judgments at common law, it may be of no great importance whether the action may be brought in form upon the judgment, or on the previous debt, it is certainly more in harmony with our practice to resort to the form of action appropriate to the real demand in controversy. While we do not decide an action in form on the judgment to be inadmissible, we think the action on the contract the better remedy to be pursued."

In *Oakley* v. *Aspinwall*,* the Court of Appeals of New York had occasion to consider the effect of a judgment recovered under the joint debtor act of that State upon the original demand. Mr. Justice Bronson, speaking for the court, says: "It is said that the original demand was merged in, and extinguished by the judgment, and consequently, that the plaintiff must sue upon the judgment, if he sues at all. That would undoubtedly be so if both the defendants had been before the court in the original action. But the joint debtor act creates an anomaly in the law. And for the purpose of giving effect to the statute, and at the same time preserving the rights of all parties, the plaintiff must be allowed to sue on the original demand. There is no difficulty in pursuing such a course; it can work no injury to any

---

* 4 Comstock, 513.

one, and it will avoid the absurdity of allowing a party to sue on a pretended cause of action, which is, in truth, no cause of action at all, and then to recover on proof of a different demand."

Following these authorities, and giving the judgment recovered in Michigan the same effect and operation that it would have in that State, we answer the question presented in the certificate, that the exemplification of the record of the judgment recovered against the defendant, Elisha Eldred, offered by the defendant, Anson Eldred, is not admissible in evidence in bar of, and to defeat, a recovery against the latter.