## DAWES & CO. v. PEEBLES' SONS.[*]

*(Circuit Court, S. D. Ohio.   March, 1881.)*

**1. SPECIAL CONTRACT — PLEADING — WHEN PLAINTIFF MAY DECLARE ON COMMON COUNTS.**

Where the contract has been performed, or where it has been abandoned by the parties, or put an end to by the defendant, or where it has been only partly fulfilled by the plaintiff and the defendant has accepted and enjoyed the benefit thereof, the plaintiff may elect to bring his action either upon the special contract, or in general *assumpsit*, declaring upon the common counts.

**2. GENERAL ISSUE TO COMMON COUNTS IN ASSUMPSIT—DEFENCES UNDER —FAILURE OF CONSIDERATION.**

Under the general issue in *assumpsit* upon the common counts, the defendant may show that he was under no legal obligation to the plaintiff for the cause of action set out in the petition, and may also show a total or partial failure of consideration.

**3. WHEN DUTY OF COURT TO CONSTRUE CONTRACT—VERBAL CONTRACT —CONFLICT AS TO ITS TERMS.**

If the contract between the parties was in writing, it would be the duty of the court to construe it; but if it was a verbal contract, and there is a conflict in the testimony as to its terms, the court cannot construe it, but the matter must be left to the jury, to determine from all the evidence what the contract was.

**4. IMPLIED WARRANTY OF MANUFACTURED ARTICLE—FIT FOR USE INTENDED.**

Where a vendor agreed to supply or manufacture for a vendee a chattel, without the vendee having an opportunity of examination, the law implies that the vendor undertook that it should reasonably answer the purpose for which it was intended by the parties. Failure in this respect authorizes the vendee to reject within the time specified for its trial.

**5. SALE OF MANUFACTURED ARTICLE—ACCEPTANCE.**

If, before the expiration of the time fixed by the agreement for its trial, the vendee notified the vendor that he would not accept it, and requested the vendor to take it down and remove it, which he refused to do, the fact of its remaining in the position in which the vendor placed it, and its use by the vendee for a few days thereafter, while waiting for the vendor to take it down and remove it, would not be an acceptance by the vendee.

## Action for Goods Sold and Delivered.

*Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

*P. Werner Steinbrecher*, for plaintiffs.

*Rankin D. Jones*, for defendants.

SWING, D. J., *(charging jury.)* The petition in this case alleges that the action is brought to recover from the defendants the sum of $777.24, the price and value of goods sold and delivered by the plaintiffs to the defendants at their request, as described in an account which is attached to the petition and made a part thereof. The goods described in the account consist of a soda apparatus and tumbler-washer and a quantity of syrups. The answer of the defendants denies that they are indebted to the plaintiffs as claimed in the petition. It also denies the purchase of the goods, and denies each and every allegation of the petition. In an amended answer defendants admit an indebtedness of $10 for a part of the syrups used by them, and tender that amount, together with the costs, in full satisfaction of all indebtedness from them to the plaintiffs.

From the evidence in the case it appears that the plaintiffs were manufacturers of soda apparatus in the city of Boston, and that the defendants were extensive grocers in Cincinnati, Ohio; that the agent of the plaintiffs residing at Cincinnati entered into negotations with the defendants, about the tenth of February, 1880, for the sale of a soda apparatus, tumbler-washer, syrups, etc. Several interviews took place between the agent and the defendants, and several letters passed between the plaintiffs and the defendants. The plaintiffs claim that a contract was finally agreed upon between their agent and the defendants, by which they sold to defendants the soda apparatus, tumbler-washer, and syrups for the sum in the petition alleged, upon condition that it should yield an average of five dollars per day to defendants up to the first of June, and that it should work as well as any other apparatus. Plaintiffs further claim that the apparatus yielded to the defendants far more than five dollars per day, and that it was equal in its working to the apparatus of any other manufacturer, and that on the first day of June they demanded of the defendants the amount of the payment which was then to be made, which was refused. Defendants

claim also that there was a special contract in relation to the apparatus, but say that the terms of the contract were that the plaintiff should deliver to them the apparatus, and set it up ready for use; that they were to have until the first of June to try it; and that if it did not yield an average of five dollars per day, or if it were not perfectly satisfactory to them in its workings, they were not to take it. Defendants admit that the amount yielded by the apparatus was above the sum agreed upon, but they say that the apparatus was defective in its materials and construction, and in its working operations, and wholly unsatisfactory to them, and that they received it and it was put up by plaintiffs for them about the twenty-sixth of April; that, finding it defective in the particulars specified, they notified the plaintiffs thereof; and that finally, on the twenty-ninth day of May, they notified the plaintiffs that they would not purchase the same, and requested them to take it away, which they failed to do; that on the first day of June, when plaintiffs' agent called upon them and demanded payment, they refused to pay, and notified the agent to remove the apparatus, which he refused to do; that they kept it in use, subject to the plaintiffs' order, until the twenty-third day of June, when they took it down and notified the plaintiffs thereof; that plaintiffs failing to take it away, that afterwards, on the ———— of August, they boxed up in good order and shipped in good condition the apparatus to the plaintiffs at Boston, where they received and still hold the same.

The plaintiffs admit that the apparatus was received at their establishment in Boston about the first of September, but say it was not received and kept by them as their own property; that it was, when received, in a damaged condition, and not worth over $300; and that on the twenty-sixth of October they wrote the defendants that they had received and held it as defendants' property The parties differ as to the terms of the agreement, but both admit that the goods were delivered by the plaintiffs and received by the defendants under a special contract. And the defendants claim that whether the terms of the special agreement be as the plaintiffs claim or as they

claim, that the suit having been brought upon the common counts for goods sold and delivered, and not upon the special contract, there can be no recovery in the case.

The law is well settled that where goods are sold under a special contract, which has not been fully complied with by the plaintiff,—in other words, if it remain executory,—he must sue upon the contract. But if the contract has been executed upon his part, and nothing remains but the payment of the agreed price by the defendant, the plaintiff may bring his action as for goods sold and delivered, declaring upon the common counts, or he may bring it upon the special contract. But if the sale by the terms of the special contract be upon credit, he cannot maintain his action upon the common counts, as for goods sold and delivered, until after the term of credit has expired. And, again, if the contract has been partly performed and has been abandoned by mutual consent, or rescinded or become extinct by the act of the defendant, the plaintiff may bring his action upon the common counts for what he has done under the special agreement; or if that which had been done by the plaintiff under the special agreement had not been performed in the stipulated time or manner, but was beneficial to the defendant and was accepted and enjoyed by him, the plaintiff may declare upon the common counts, and recover the reasonable value of the benefit the defendant has derived from what he had done. 2 Greenl. on Ev. 104; *Cutter* v. *Powell*, 2 Smith's Lead. Cas. 17 and notes; *Lyon* v. *Bertram*, 20 How. 149. If, therefore, the evidence shows the existence of either of these, the plaintiff may maintain the action in this form.

It is also contended by the plaintiff that, under the issue as made, the defendant cannot be permitted to show the special contract, or that the goods were not as represented.

The answer is substantially the general issue, and, in strictness, operates only as a denial of the matters alleged in the petition; but this strictness has been so far relaxed that at present, under the general issue in *assumpsit* upon the common counts, the defendant may show that upon almost any ground he was under no legal obligation to the plaintiff for the

cause of action set out in the petition; and, under this plea, he may also show a partial or total failure of consideration. 2 Greenl. on Ev. 135, 136; *Thornton* v. *Wynn*, 12 Wheat. 183; *Mason* v. *Eldred*, 6 Wall. 231; *Cutter* v. *Powell, supra.*

It is claimed by the parties in this case that it is the duty of the court to construe the contract in this case. That, undoubtedly, would be so if the contract were in writing; but it is admitted by both parties that the contract between the agent and defendants was not reduced to writing, and the letters which afterwards passed between plaintiffs and defendants was simply the statements of each as to what they understood the terms of the contract to be. True, in the last letter of the plaintiffs they say what they are willing to do, but wind up by saying they will abide by the contract as made by their agent, and to this letter the defendants, by letter, give their assent. So it is a question of fact for the jury to determine, from all the evidence in the case, what was the contract as entered into by the plaintiffs' agents and defendants. If the jury are satisfied, from the evidence, that the contract was that the plaintiffs were to furnish the soda apparatus and tumbler-washer, fixtures, and syrups, and that the defendants should receive from its use five dollars per day until the first of June, and it was to be equal in its workings to that of any other manufacture of like character, and they find from the evidence that it was of that character and yielded that amount, then the plaintiffs are entitled to your verdict for the contract price. Defendants claim, however, that the contract was that it was to yield them five dolars per day, and was to be entirely satisfactory to them to the first of June. If the plaintiffs, without the defendants having an opportunity of examination, agreed to supply them with or manufacture for them a soda apparatus, the law implies that they undertook that it should reasonably answer the purpose for which it was intended by the parties. Benj. on Sales, 525, 543. And if, by reason of the character of the materials or the manner of its construction, it did not answer the purposes of a soda apparatus of that character, and the defendants by the contract had until the first day of

June to test it, they had a right to reject it. And if the plaintiffs were notified by them that they did so reject it, the plaintiffs cannot recover. But if they did not notify the plaintiffs until after the first of June that they would reject it, they would be liable to them for the value of the apparatus. If the apparatus, by reason of the defects, was unfitted for the purposes designed for such apparatus, and the defendants, before the first of June, notified the plaintiffs that they would not accept it and for them to take it down and remove it, and plaintiffs refused to do so, the fact that it remained in the position in which plaintiffs had set it up, and was for a short time used by them whilst waiting for them to take it down and remove it, would not make the defendants liable for the apparatus. If the contract was as the plaintiffs claim, and the apparatus was in all respects such as the plaintiffs bound themselves to furnish, and the defendants refused to keep and shipped it to the plaintiffs, and they received it without objection and still retain it, they would not be entitled to recover the contract price, but only the difference between the contract price and the value of the apparatus in the condition in which they received it.