## HARRIS *v.* LEONHARDT.

SEVENTY-THIRD RULE; AFFIDAVITS; AGENCY; SEPARATE JUDGMENTS AGAINST JOINT PROMISORS.

1.  It is not a sufficient objection to an affidavit filed under the 73d rule of the Supreme Court of the District, that it is not titled as of the cause in which it was filed; nor is it a material objection that such affidavit was sworn to the day before the suit was begun.
2.  After a judgment against a defendant has been rendered under the 73d rule for want of an affidavit of defense, it is too late for him to object that the plaintiff's affidavit was insufficient to support the judgment in that there was no evidence of the official character of the justice of the peace of a foreign jurisdiction before whom the affidavit was made, except that of the seal of the justice attached to the affidavit. Such an objection should be made, by motion to strike the affidavit from the files, or otherwise, before any proceeding is had based upon such affidavit.
3.  An attorney is, within the meaning of the 73d rule, an agent, and may as such make an affidavit for his client thereunder.
4.  Under R. S. D. C., Sec. 827, the entry of a judgment by confession against one of two joint contractors in an action against both does not bar the recovery of a subsequent judgment, in the same suit, against the other.

No. 158.    Submitted December 7, 1893.—Decided February 5, 1894.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, holding a law term, under the 73d rule of that court for want of an affidavit of defense. *Affirmed.*

The COURT in its opinion stated the case as follows:

This case has been transferred to this court from the General Term of the Supreme Court of the District of Columbia, under the act of Congress of February 9, 1893.

The plaintiffs, William and John H. Leonhardt and Geo. F. Faust, constituted a partnership, trading and doing business under the name and style of the Leonhardt Wagon Manufacturing Company, and they sued the defendants as joint debtors on a promissory note and for a balance due on account. With the declaration were filed three affidavits, under rule 73 of the Supreme Court of the District, setting forth the causes of action, and the fact that they were due and owing to the plaintiffs from the defendants, William T. Harris and Samuel C. Pennington. The affidavits, in their statements, seem to contain all that the rule requires. The defendant Harris appeared to the action on November 30, 1892, and the defendant Pennington appeared in proper person and confessed judgment December 1st, 1892, for the amount claimed in the declaration and affidavits, and judgment was entered against him accordingly. The defendant Harris, in his own behalf, on January 3d, 1893, filed two pleas: 1st. That he was not indebted as alleged; and, 2d. That he never promised as alleged. These pleas were filed without affidavit of defense as provided for by the rule 73.

The plaintiffs thereupon moved for judgment as against Harris, in default of affidavit of defense, under the rule; and after due notice to counsel of Harris, of the motion for judgment under the rule, the court rendered judgment against Harris for the amount set forth and claimed in the declaration and affidavits. From that judgment the defendant Harris appealed.

*Messrs. Shepperd & Lavender* for the appellant.

*Mr. William L. Elterich* and *Mr. Henry F. Woodward* for the appellees.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The grounds of this appeal, if it can be said to have any grounds for its support at all, are of the merest technical nature, and without the slightest merit to commend them to the consideration of the court.

It is first objected, that the affidavits filed with the declaration were without the titling of the case, and that they appear to have been sworn to the day before the declaration was filed and the suit instituted. Certainly this can form no substantial objection to the affidavits. The affidavits were filed with the declaration, and referred to the causes of action therein stated, and there could be no danger of mistaking these papers as belonging to some other case. Nor were the affidavits required to be sworn to on the day that they were filed. The plaintiff might be so situated as to render it impossible for him to swear to the affidavit on the day of bringing the suit; and whether it be sworn to the day before, or a week before, unless it be shown that something has intervened to change the obligation of the defendant to the plaintiff, it would seem to be immaterial.

It is further objected to one of the affidavits that it appears to have been made before a justice of the peace of the State of Maryland, and that there is no evidence of his official character, or of his right to administer an oath. It is sufficient to say of this objection, that this affidavit is not the only one filed, and that it might be rejected, and the rule of court be still gratified in the other affidavits on file. But that objection is not properly taken. In the first place, the affidavit purports to have been made before a justice of the peace of the State of Maryland, and his certificate is authenticated by an official seal affixed. This affidavit has been accepted and acted upon by the court, and it does not appear that there was any motion made to remove it from the files; and it would be too late to raise the objection after judgment rendered. Such an objection should be taken in the first instance, and before any proceeding is had founded upon such affidavit.

It is also objected that one of the affidavits was not made

by a plaintiff, and not shown to have been made by a person who was agent of the plaintiffs. But it appears that the party making the affidavit thus objected to, was one of the attorneys of the plaintiffs, and was, therefore, in a legal sense, an agent of the plaintiffs within the meaning of the rule. The objections taken to the affidavits, therefore, cannot be sustained.

But it is objected that judgment had been confessed by Pennington, one of the defendants, on the 1st of December, 1892, in the same action, and, therefore, no judgment should be entered against the other defendant, Harris. This objection cannot be sustained. There is no plea in abatement for the want of the joinder of the other defendant in the action, nor could there be, as he had been regularly joined; nor was there a plea of former recovery on the causes of action against Pennington pleaded in bar of the right to recover against Harris, the co-defendant. The latter, to avail himself of such defense, according to the principles of the common law, should have pleaded the former recovery against his joint contractor. *King* v. *Hoare*, 13 M. & W., 494; *Mason* v. *Eldred*, 6 Wall., 231. But the common law rule upon this subject of the merger of the contract in a judgment recovered against one of the several *joint* contractors, as stated in the cases just referred to, has been changed in many of the States of the Union by statute, and it has been changed in this District by an act of Congress.

By Section 827 of the Revised Statutes of the United States relating to the District of Columbia, it is provided, that " Where money *is payable* by two or more persons *jointly* or *severally*, as by joint obligors, covenantors, makers, drawers, or indorsers, one action may be sustained and judgment recovered against *all or any of the parties* by whom the money is payable, at the option of the plaintiff. But an action against one or some of the parties by whom the money is payable may, *while the litigation therein continues, be pleaded in bar of another action* against another or others of said parties." The obvious meaning of this statute is to put the right of action on all contracts for the

payment of money, whether joint or several, on one and the same footing, and to give to the plaintiff the right to judgment against all the parties bound by such contract. The statute embraces all contracts for the payment of money, and the contracts mentioned, of obligations, covenants, etc., are only by way of examples of what nature of contracts are embraced. But while it is the intention of the statute to modify the common law principles of merger of the cause of action in a judgment recovered against one of two or more joint contractors, it designs to avoid multiplicity of actions to be carried on simultaneously for the recovery of the same debt. In other words, the creditor should not be allowed to sue jointly and separately at the same time, nor prosecute more than one suit, if all the parties bound by the contract can be proceeded against together in a single action. Hence, the statute provides that a pending action against one or some of the parties by whom the money is payable may, *while the litigation therein continues*, be pleaded in bar of another action against another or other of said parties. Thus, two or more actions on the same contract for the payment of money, are prevented from being prosecuted simultaneously. But that rule does not apply where the previous action is no longer pending, but is closed by final judgment. Of course, it is well settled, without the aid of a statute, that, in the case of a joint and several contract, an unsatisfied judgment against one of the promisors is no bar to a subsequent action against the other; and the statute, as we have seen, places a joint contract for the payment of money on the same footing as a several contract, with respect to the right of suit thereon.

In this case, the two joint contractors were joined in the same action, and the right of recovery as against Pennington, one of the debtors, no longer continues the subject of litigation; and therefore the right to prosecute the action to judgment as against the other defendant remains unaffected, and the court below committed no error in rendering the judgment under the rule.

*Judgment affirmed.*