BRENNEMAN, U. S. Marshal, et al. v. FAGERBERG.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1917.)

No. 2679.

UNITED STATES MARSHALS &sim;34—PARTNERSHIP &sim;54—EVIDENCE—SUFFICIENCY.

In an action against a United States marshal and his deputy for an alleged wrongful levy of an attachment upon the property of plaintiff, evidence *held* to warrant a finding that plaintiff was not a partner of the debtor whose property was sought to be attached, and hence the attachment was illegal.

[Ed. Note.—For other cases, see United States Marshals, Cent. Dig. § 35; Partnership, Cent. Dig. §§ 77, 79.]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Fred M. Brown, Judge.

Action by H. M. Fagerberg against F. R. Brenneman, United States Marshal, and another. There was a judgment for plaintiff, and defendants bring error. Affirmed.

The plaintiffs in error were defendants in the court below to an action there brought by the defendant in error here, the amended complaint in which, after alleging the official capacity of the defendants, set up, among other things, that on the 6th day of August, 1914, the plaintiff was the owner and in possession of a certain roadhouse and its furniture, outbuildings, and appurtenances, at a place called Blackburn, in Alaska, and within the jurisdiction of the court below, and also of five head of horses, and certain harness, saddles, sleds, and wagons, all of which were then and there seized by the defendants and by them wrongfully and by force taken from the plaintiff and withheld from him; that the plaintiff was at the time the property was so seized engaged in running the place as a public roadhouse, and was using the horses in doing a general freighting and packing business to the surrounding mining camps, in which business he was making an average daily profit of $30, and by which alleged unlawful acts the plaintiff was further damaged by loss of trade in the sum of $2,000, besides $1,000 on account of his personal expenses thereby incurred and necessarily to be incurred in the case, and that the value of the property not including the land upon which the buildings stood was $8,350. The prayer was for judgment for the return of the

property, or its value in the sum of $8,350 in the event delivery thereof could not be had, for damages at the rate of $30 a day from the time of such seizure, and additional damages in the sum of $3,000 and for costs.

The amended answer of the defendants to the amended complaint admitted their official capacity, put in issue the averments in respect to the value of the property and the amount of damages alleged, and for a further and separate answer set up, in substance, that on the 31st day of July, 1914, the plaintiff and one J. A. Fagerberg were joint partners engaged in operating the roadhouse mentioned, and were then indebted to the Carstens Packing Company in the sum of $6,274.47, besides interest, on which last-mentioned date that company commenced an action in the court below against the said J. A. Fagerberg to recover that alleged indebtedness, in which action a writ of attachment was duly issued and delivered to the defendant marshal for levy, under which writ he, through his deputy and codefendant, duly levied upon the property mentioned; that on or about July 15, 1913, the said J. A. Fagerberg, for the purpose of cheating and defrauding the creditors of the said alleged partners doing business under the alleged firm name of Fagerberg Bros., executed to the plaintiff in the present action a pretended bill of sale, pretending to transfer and convey to the plaintiff H. M. Fagerberg all of the property here involved, and also other described property of the alleged copartnership, which alleged conveyance the plaintiff in the present action accepted with full knowledge of its purpose, and without giving any consideration therefor; that the amount so sued for by Carstens Packing Company was at the time of the levy due from the alleged copartnership to that company, and was subject to the levy made by the defendants to the action.

The replication of the plaintiff put in issue the averments contained in the amended answer, and the case came on for trial before the court with a jury, which latter returned a verdict to the effect that the plaintiff was entitled to a return of the property, the value of which was fixed in the verdict, and assessed the damages sustained by the plaintiff by reason of its wrongful taking and detention at $4,725, and also returned answers to the following special findings submitted to them by stipulation of the parties:

"I. Was H. M. Fagerberg, on the 6th day of August, 1914, the sole and lawful owner of the property described in the amended complaint, that is, the Blackburn roadhouse, furniture and equipment, the barns and outbuildings, and the horses, harnesses, sleds, etc., as set forth in plaintiff's Exhibit A, attached to the amended complaint? He was.

"II. Was there a partnership existing between H. M. Fagerberg and J. A. Fagerberg at any time previous to the 6th day of August, 1914? There was not."

C. F. Wilt, of Tacoma, Wash., and Lyons & Ritchie, of Valdez, Alaska, for plaintiffs in error.

T. C. West, of San Francisco, Cal., and Donohoe & Dimond, of Valdez, Alaska, for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). The record shows that the complaint, in the action in which the attachment that was levied on the property here in controversy was issued, was filed by Carstens Packing Company against J. A. Fagerberg, and contained two counts, the first being based upon a judgment therein alleged to have been recovered by the plaintiff company in February, 1913, in the superior court of King county, state of Washington, against J. A. Fagerberg, for $2,651.72, with interest, no part of which, it was alleged, had been paid, and the second count alleged that between May 10, 1914, and June 12th of the same year the plaintiff sold and delivered to J. A. Fagerberg goods, wares, and merchandise of the agreed

value of $4,170.97, no part of which had been paid, and all of which was therein alleged to have been then due and owing to the plaintiff from the defendant J. A. Fagerberg.

We do not find it necessary to decide whether upon such allegations a writ of attachment issued in that action could be legally levied upon property in the actual possession of one not a party to the action, on the theory that he was a partner of the defendant thereto (see Mason v. Eldred et al., 73 U. S. [6 Wall.] 231, 238, 239, 18 L. Ed. 783), for the jury in the present case expressly found that the plaintiff in the present action, H. M. Fagerberg, was not at the time of the levy complained of, and never theretofore had been, a partner of J. A. Fagerberg, the defendant to the action in which the attachment was issued.

The main point contended for on behalf of the plaintiffs in error here is that such finding by the jury was unsupported by the evidence. It is true that the record contains some testimony, and shows some circumstances tending to support the claim that the two Fagerbergs, who, it appears, are brothers, were partners in the business at Blackburn, but there is much testimony disclosed and many circumstances shown by the evidence tending to support the conclusion of the jury that no partnership between them existed. And among the evidence going to sustain that conclusion is some of the testimony of Carstens, the president of Carstens Packing Company and its principal owner, in which he repeatedly stated that as early as 1907 he caused the store at Chititu, which had theretofore been conducted by a corporation called Nizina Trading Company, practically all of the stock of which was owned by himself and one Myers, to be turned over to J. A. Fagerberg, and that he thereafter caused the Carstens Packing Company to furnish him with goods, wares, and merchandise and from time to time also furnished him with money, at all times charging him therewith and looking to him alone for payment. It is undisputed that during much, if not all of, that time the plaintiff in the present case was a clerk in the store so conducted by J. A. Fagerberg, and there was evidence given tending to show, not only that Carstens was well aware of that fact, but of the further fact that his salary was in arrears to the extent of several thousand dollars. It further appears that subsequently J. A. Fagerberg transferred all of his property in Alaska to his brother H. M. Fagerberg, but before doing so offered to transfer it to Carstens or his company, which offer was declined.

We are unable to hold that the jury was not justified in finding that the defendant in error here was not a partner of J. A. Fagerberg.

The only other point in the case requiring special mention is the contention that the amount of damages awarded was unsupported by the evidence. As has been said, the jury awarded the plaintiff in the case $4,725, which amount was reduced by the court to $3,000 on the ground of excessiveness, and, the plaintiff consenting to the reduction, judgment was entered in his favor accordingly. An examination of the record satisfies us that the evidence justified the action of the trial court.

The judgment is affirmed.