Campbell, Chief Justice,
delivered the opinion of the court:
These cases are before the court upon the defendant’s •demurrer to the petition. The material facts in the two cases are the same. We refer to the McGilvray case alone to avoid repetition. It appears from the petition that during the period while the railroads were being operated under Federal control, and in October, 1918, plaintiff and others •suffered large losses of property resulting from fire negligently set by the engines of the Great Northern Bailroad Company.
In February, 1920, the plaintiff brought an action in a State court in Minnesota, where the fire occurred, for damages against the agent appointed by the President, as authorized by the transportation act and the railroad company. There were a large number of persons who suffered similar losses and who also brought actions in the same court. The parties to these actions entered into a stipulation wherein jury trials were waived and five judges selected to try the cases and pass upon the liability of the defendants, and that Walker D. Hines, as the duly appointed agent of the President under the transportation act, be substituted as the sole defendant.
The question of liability was finally determined in favor of the plaintiff by the court of last resort in the State and subsequently in December, 1922, James C. Davis, who had been designated as agent of the President under the transportation act, was substituted as sole defendant in the several *535 actions. He and the plaintiff, by their attorneys, entered into a stipulation stating the amount of plaintiff’s loss to have been $19,360 (though a part of this was apparently •covered by insurance). It is averred, however, that the parties agreed that judgment should be entered in favor of plaintiff and against the substituted defendant, the designated agent, for $9,305. The stipulation provided also that no part of the judgment should be required to be paid until there should have been delivered to the sole defendant, Mr. .Davis, “ written releases of all liability by reason of such .losses and payments,” and that the judgment and recovery should be “ in full compromise, satisfaction, and settlement for all loss and all claims by subrogation or otherwise involved in said action * * * either against said sole defendant or said railway companies.” In accordance with this stipulation a judgment was entered by the court in December, 1922, in favor of plaintiff and against James C. Davis, as agent, for the stipulated sum. Upon the delivery of a duly executed release, as stipulated for, Mr. Davis as agent paid the amount of the judgment.
This release, a copy of which is attached to the petition, recites that in consideration of the payment and satisfaction of the judgment the plaintiff “ releases and discharges the above-named James C. Davis as agent of the President and the Great Northern Railway Company from all liability * * * by reason of all claims and losses involved in said action and judgment or accruing to plaintiff ” as a result of the fire already mentioned. The petition claims the difference between $19,360, the alleged value of plaintiff’s property lost, as stated, and the amount of the judgment for $9,305 granted and paid under the circumstances detailed. The petition does not show a cause of action against the United States. For the losses resulting during the period of Federal control from the negligence in setting out the fire the railroad company might have been sued as provided for in section 10 of the act of March 21, 1918, 40 Stat. 451, or the agent designated by the President under the transportation act of 1920, 41 Stat. 456, could have been sued. Apparently both were made defendants, though finally the designated agent was substituted as the sole defendant. A *536 compromise was effected and a judgment rendered against the agent for the stipulated sum. This judgment was paid, and in addition to the payment of the judgment itself the plaintiff was required to execute and did execute a release of all liability on account of the acts complained of. It was stipulated that the judgment agreed upon would not be paid until such a release was duly signed and delivered. The claim was merged in the judgment and the satisfaction, of the judgment ended the matter.
The act under which the suit was brought did not create a liability upon the United States to pay the asserted claim, and admittedly the Government could not be sued in the Court of Claims for losses arising from the negligence of those operating the railroad during Federal control. If for no other reason, the court would not have jurisdiction of such an action because it would be one sounding in tort. The plaintiff contends, however, that there was “ a contract, implied in fact,” growing out of the fact that the amount of the loss was ascertained and agreed upon by the parties to the suit. But this was not an agreement by anyone authorized to create an obligation binding on the Government. Indeed it may be said the agreement as to the amount of the loss, was but a part of the compromise agreement that a judgment could be entered against the designated agent. The plaintiff, retaining the fruits of the stipulation and judgment,, seeks to go back of them and assert a part of his original claim. We question whether he would be heard to do this in the court that entered the judgment. Certainly he can not be permitted to indirectly impeach the judgment in this court. His claim was merged in the judgment. See Mason v. Eldred, 6 Wall. 231, 238. The mere agreement as to the actual amount of his losses did not make a contract, express or implied, that the Government would pay all or any part of such losses. The transportation act provided how judgments against the designated agent could be paid (41 Stat. 461, 462). Our conclusion is also applicable to the other case mentioned. It follows that the demurrer in each of the cases should be sustained. And it is so ordered.
Moss, Judge; GRaham, Judge; Hat, Judge; and Booth,. Judge, concur.