30

## GRIMES v. ADAMS.
### No. 4994–49.

United States District Court, District of Columbia.

May 22, 1952.

T. Emmett McKenzie, Washington, D. C., for defendant.

TAMM, District Judge.

This is an action to recover money lent. The complaint alleges that Helen L. Adams and Earl M. Adams owe the plaintiff $26,929.36. Originally in this case, recovery was sought of both defendants, either jointly or severally, in this amount. Subsequent to the filing of the complaint, however, the cause as against Helen L. Adams was dismissed without prejudice.

The plaintiff in this action owned and operated a rooming house in 1946. At that time the defendant and his then wife, Helen Adams, were tenants of the plaintiff. Helen Adams represented to the plaintiff that she was the principal beneficiary of a sizeable estate in Illinois which was in the process of being probated and that in order to settle this estate she had to obtain some money. From time to time she requested the plaintiff to lend her money for this purpose. The plaintiff acceded to these requests and lent a total of $26,929.36 to Mrs. Adams and the defendant. Later the plaintiff learned that the representations of Mrs. Adams concerning the Illinois estate were false, and the latter was subsequently indicted for obtaining money under false pretenses. Upon a plea of guilty to this charge, Helen Adams was sentenced by this Court to prison.

After the present complaint was filed in this Court, counsel for the plaintiff was unable to effect service of process on Helen Adams because of her confinement in a federal prison in Virginia. Consequently the case as against the defendant Helen Adams was dismissed without prejudice and the plaintiff then filed a similar complaint against Mrs. Adams in the United States District Court for the Eastern District of Virginia. Judgment was obtained in that Court in the amount of $22,365.45. That judgment has not been satisfied.

The defendant does not contest plaintiff's allegations that she lent money to Helen L. Adams, that the total amount

Albert Brick, Washington, D. C., for plaintiff.

so lent was $26,929.36, and that that sum is presently due and owing to the plaintiff. The defendant contends by way of a defense that the plaintiff lent the money in question to Helen Adams alone and that he is in no way obligated to repay his wife's debt. However, testimony adduced at the trial of this case was to the effect that much of the money involved was advanced to the defendant personally and the documentary evidence establishes that the defendant received and personally signed receipts for a considerable amount of the money lent by the plaintiff on various occasions. Upon consideration of all the facts presented to the Court, the Court is of the opinion that the defendant by his conduct obligated himself to repay the money lent by the plaintiff.

For a further defense, the defendant argues that the plaintiff's judgment against Helen Adams in the federal District Court of Virginia bars this Court from entering a judgment against the defendant. In making this argument, the defendant contends that if he is obligated to the plaintiff at all, he is a joint obligor with Helen Adams on the debt.

The rule of law on which the defendant relies may be found in United States v. Ames, 1878, 99 U.S. 35, at pages 44-45, 25 L.Ed. 255. It is there stated:

" * * * Even without satisfaction, a judgment against one of two or more joint contractors is a bar to an action against the others, within the principle of the maxim *transit in rem judicatem,* the cause of action being changed into matter of record. King v. Hoare, 133 Mee. & W. 494.

"Judgment in such a case is a bar to a subsequent action against the other joint contractors, because the contract being joint and not several, there can be but one recovery. Consequently the plaintiff, if he proceeds against one only of the joint contractors, loses his security against the others, the rule being that by recovery of the judgment, though against one only, the contract is merged and a higher security substituted for the debt.

Sessions v. Johnson, 95 U.S. 347 [24 L.Ed. 596]; Mason v. Eldred, 6 Wall. 231 [18 L.Ed. 783]."

This statement of the general rule of law is, of course, accurate. This rule, however, is subject to exceptions. One of these is that where the joint obligors reside in different jurisdictions each may be sued in the state which has jurisdiction of his person or property and a judgment against one in one state is no bar to a recovery against the other in another state.

Freeman in his treatise on Judgments, states:

" * * * So, also, where a joint promise is made by parties residing in different states, and probably in every case in which it is not possible to bring an action in any court before which all the joint obligors can be compelled to appear, a recovery against those within the jurisdiction of the court will not bar a subsequent action against those who were without such jurisdiction.

"In all these cases it is evident that some modification of the doctrine of merger is indispensable to secure to plaintiffs the full benefit of their contracts. In the first case the parties liable could not be joined in one action. The plaintiff, therefore, showed no intention of releasing one party by pursuing the other. In the last case no judgment could be secured in any court binding on both promisors. To give to a judgment against either the effect of a merger of the cause of action against both would therefore be to require plaintiff, without any fault of his, to abandon his remedy against a part of the co-obligors. In fact, it has been said that whenever a joint action is impossible, the general rule is inapplicable." 2 Freeman, Judgments, § 570 (5th Ed., 1925).

While the Court recognizes the merit in and soundness of this exception and approves of it, it is not necessary for the Court to rely on the exception in reaching its decision in this case. The

general rule of the Ames case (supra) has been changed by statute in both Virginia and the District of Columbia. An examination of the code provisions of both of these jurisdictions reveals that in *neither* is a joint obligation merged in a judgment against any one of the joint obligors. Since the result would be the same if the Court relied either on the law of Virginia or on its own law, no Conflict of Laws problem arises.

Section 514, Title 8, of the Code of Virginia provides:

> "*Procedure in actions on contracts made by several persons.* Upon all contracts hereafter made by more than one person, whether joint only or joint and several, an action or motion may be maintained and judgment rendered against all liable thereon, or any one or any intermediate number, and if, in an action on any contract heretofore or hereafter made, more than one person be sued and process be served on only a part of them, the plaintiff may dismiss or proceed to judgment as to any so served, and either discontinue as to the others, or from time to time as the process is served, proceed to judgment against them until judgment be obtained against all. Such dismissal or discontinuance of the action as to any defendant shall not operate as a bar to any subsequent action which may be brought against him for the same cause."

Section 903, Title 16, of the District of Columbia Code states:

> "If an action be brought against all the parties to such (joint) contract, but service of process is had against some only of the defendants, or an action is brought against and service had on some only of the parties, a judgment against the parties so served shall not work an extinguishment or merger of the cause of action on which such judgment is founded as respects the parties not so served, but they shall remain liable to be sued separately."

In view of these statutory provisions there is no merit in the defendant's contention that the joint obligation was merged in the judgment against Helen Adams. Thus, whether Helen Adams and the defendant were severally or jointly obligated to the plaintiff the result would be the same in this case. Consequently, the Court does not decide the question of whether, in fact, Earl Adams was a joint obligor or individually liable to the plaintiff.

Since it appears to the Court that the defendant is indebted to the plaintiff in the amount claimed, and the prior judgment against Helen Adams is no bar to recovery in this action, judgment will be entered for the plaintiff for $26,929.36.