## BURDETTE *v.* BARTLETT.

Under sect. 827 of the Revised Statutes of the United States relating to the District of Columbia, persons severally liable upon the same obligation or instrument, including the parties to promissory notes, may all or any of them, at the option of the plaintiff, be included in the same action.

ERROR to the Supreme Court of the District of Columbia.

This was an action brought by Bartlett, Robbins, & Co. against Howard, Peugh, Lacey, and Ross, as makers, and Helmick and Burdette, as indorsers, of a certain joint and several promissory note for $1,993, dated July 16, 1873, and payable to the order of said Helmick. The note was duly protested for non-payment, and the indorsers served with notice. The defendants, with the exception of Ross and Helmick, were served

with process; but the action was subsequently dismissed as to all of them but Burdette. Judgment by default was rendered against him, which the general term, upon appeal, affirmed. Burdette then sued out this writ, and here assigns for error: 1. The court below erred in giving judgment for plaintiffs, because there was a misjoinder of parties defendants. 2. Because the makers and indorsers of a promissory note cannot be joined as defendants in the same action.

*Mr. William F. Mattingly,* for the plaintiff in error.

Sect. 827 of the Revised Statutes relating to the District of Columbia unquestionably does not, in express terms, authorize the joinder of makers and indorsers of a promissory note as defendants. Where such is the intent of the legislature, it has been expressed in plain and unambiguous terms, as in Mississippi. *Keary* v. *Farmers' & Merchants' Bank of Memphis*, 16 Pet. 89.

That section was, by its terms, evidently intended to modify the common-law rule, that, in a case of a joint and several contract, all the parties must be sued in one action, or a separate action be brought against each, and to allow a plaintiff to unite, at his pleasure, two or more of the parties in one action.

The contract of a maker and that of an indorser of a promissory note are wholly distinct and different. The maker promises to pay absolutely, while the undertaking of the indorser is merely conditional; and, unless a statute in plain terms authorizes the parties to two such independent contracts to be joined in one action, no such construction should be given to it.

*Mr. Andrew C. Bradley, contra.*

The joinder of the makers and indorsers of a promissory note, or of part of them, as defendants in "one action," is expressly authorized by the statute; and such, since its enactment, has been the judicial construction uniformly given to it. No clause excludes from its provisions the parties severally liable upon promissory notes, whether as makers or as indorsers. The statute is a remedial one, and should be liberally construed. *Atcheson* v. *Everitt*, Cowp. 381; *Eyston* v. *Studd*, 2 Plowd. 465; *Wilkinson* v. *Leland*, 2 Pet. 267; 1 Bl. Com. 87; Dwarris on Statutes, 231.

What is implied in a statute is as much a part of it as what is expressed. *Gelpcke* v. *City of Dubuque,* 1 Wall. 221; *Dubois* v. *Hepburn,* 10 Pet. 1; *Hoguet* v. *Wallace,* 4 Dutch. (N. J.) 524; *Cullerton* v. *Mead,* 22 Cal. 95; *Jackson* v. *Warren,* 32 Ill. 331; *Pearson* v. *Lovejoy,* 53 Barb. (N. Y.) 407; *People* v. *Tibbets,* 4 Cow. (N. Y.) 384; *Holmes* v. *Carley,* 31 N. Y. 289; *Hudler* v. *Golden,* 36 id. 446; *Adm'x of Tracy* v. *Adm'r of Card,* 2 Ohio St. N. S. 431; *Staniels et al.* v. *Raymond & Trustee,* 4 Cush. (Mass.) 314; *Gibson* v. *Jenney,* 15 Mass. 205; *State* v. *Jones et al.,* 8 Md. 88; *Converse* v. *Burrows,* 2 Minn. 229.

MR. JUSTICE HUNT delivered the opinion of the court.

By sect. 827 of the Revised Statutes of the United States relating to the District of Columbia, it is enacted as follows, viz.: —

"Where money is payable by two or more persons jointly or severally, as by joint obligors, covenantors, makers, drawers, or indorsers, one action may be sustained and judgment recovered against all or any of the parties by whom the money is payable, at the option of the plaintiff. But an action against one or some of the parties by whom the money is payable may, while the litigation therein continues, be pleaded in bar of another action against another or others of the said parties." 14 Stat. 405, § 20.

This is a portion of an act of Congress entitled "An Act to amend the law of the District of Columbia in relation to judicial proceedings therein." In the case before us, an action was commenced and the process served upon two of the several makers of a promissory note and one of the indorsers thereof, there being other makers and other indorsers of the note.

The statute is not happily expressed, whatever may have been the intention of its framers. It is contended, on the one hand, that it was designed merely to modify the common-law rule, that, in case of a joint and several contract, all the parties must be sued in one action, or a separate action be brought against each, and to allow the plaintiff to sue one or more of the parties in one action, and to omit a portion of them, at his pleasure.

It is insisted, on the other hand, that it is an enactment in the spirit of the provisions of numerous State statutes, permitting the holder of a note to join the makers and indorsers, at his discretion, in the same action. The latter, we are told in the brief, has been the uniform construction of the statute by the courts of the District since its passage, more than ten years since, and we are of the opinion that it is a sound construction. The words, "as by joint obligors, covenantors, makers, drawers, or indorsers," are inserted by way of illustration, and, like many other intended illuminations, serve but to darken the subject. Omitting these words (as parenthetical), the statute provides that one action may be sustained against all or any of the parties by whom payable, where money is payable by two or more persons jointly or severally.

In the present case, there is a sum of $1,993 payable upon an instrument in writing. It is payable by Howard, one of the makers of the note. It is payable also by Burdette, one of the indorsers of the note, and it is the same sum of $1,993 that is payable by each of them. A collection of the money by the holder from one of the parties would be a bar to further proceedings by him against the others. So an action simply against Howard alone would, in our opinion, give Burdette the benefit of the latter clause of the statute; to wit, that an action against one of the parties, while it continued, might be pleaded in bar of another action against him, as another party to the contract. So far as the present question is concerned, the act of Congress was intended to produce the effect of the statutes of several of the States; to wit, "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange or promissory notes, may all or any of them be included in the same action, at the option of the plaintiff." 2 Edm. Stat. of N. Y., p. 32.

The judgment of the Supreme Court of the District of Columbia was right, and is                    *Affirmed.*