Mr. Justice James
delivered the opinion of the court.
This case is here on appeal from an order of the Circuit Court, granting j udgment against the defendant for the sum of $483.99, and from an order denying the defendant’s motion to set aside the said judgment.
The declaration states that the suit is brought for money payable by defendant to the plaintiffs for goods sold and delivered to the defendant, and for money found to be due from the defendant on accounts stated; and for goods sold and de. livered to the defendant and one Royce, as co-partners, and for money found to be due from the defendant and said Royce *167 on account stated; and that “the plaintiffs claim in all $483.99, with interest from the 6th day of March, 1888, besides costs.”
With the declaration is filed the usual supporting affidavit.
The defendant demurred, stating, as ground, that: ‘ ‘Among the questions of law to be argued at the hearing is the following: That it is charged in the declaration that this defendant was, at the time of the alleged sale and delivery of the goods, a co-partner jointly with one Herbert D. Royce, (which co-partnership, as charged in the declaration, still exists) who is not made a defendant in this suit, and this defendant insists that if it be claimed by the plaintiffs that there was such a co-partnership, then the said Royce is a necessary party to this suit.”
The plaintiffs moved for judgment notwithstanding the demurrer, “because, first, the said demurrer is frivolous; and second, because the demurrer and the grounds assigned therefor are inapplicable to the first two counts of said declaration, under which, as appears by the affidavit, a recovery of the whole amount claimed is sought to be had.”
The demurrer was stricken out as frivolous, under Rule 31 of this court, and judgment was entered for the amount claimed. So, too, the motion to set aside that judgment was overruled. •
Rule 31 contains the following provision as to frivolous demurrers: “The form of a demurrer shall be as follows, or to the like effect. * * * And in the margin thereof some substantial matter of law, intended to be argued, shall be stated, and a demurrer without such statement or with a frivolous statement, may be set aside by a justice at chambers or by the court, and leave given to -enter judgment as for want of plea,” etc.
The question to be considered here is, whether the demurrer was frivolous.
Section 827 oí the District Statutes provides that: “Where money is payable by two or more persons jointly or severally, as by joint obligors, covenantors, makers, drawers, or indor *168 sers, one action may be sustained and judgment recovered against all or any of the parties by whom the money is payable, at the option of the plaintiff.
The Supreme Court had held in Burdette vs. Bartlett, 95 U. S., 637, (640), that the words “joint obligors, covenantors, makers, or drawers, indorsers” served only to darken the subject; and that, omitting these, “the statute provides that one action may be sustained against all or any of the parties by whom payable, where money is payable by two or more persons jointly or severally.” This was a plain statement that,where money is payable by two persons jointly, an action against one of them may be sustained. Of course, this proposition contemplated that it was immaterial whether the fact that the money was payable by two persons jointly appeared by the declaration or only by the evidence. According to this decision, and according to the rulings of this court for ten years previous to it, a separate action for the money, stated to be payable by the defendant and another jointly, might be sustained against the defendant. The defendant, by her special demurrer, complained, then, of non-joinder where the statute had expressly provided that joinder of the omitted party was not necessary.
Counsel for the defendant claim that there was at least room enough for question to save the objection from being held “ frivolous.” We are of opinion that there was no room at all for question. The statute had said plainly that suit might be brought against one of two parties by whom money was payable jointly; and the Supreme Court had said that such was its meaning. The question was not debatable, and therefore the objection was, in contemplation of law, frivolous, within the intention of Rule 31.

Judgment is therefore affirmed.