# YOUNG v. WARNER

PROMISSORY NOTES; ACTIONS; SEVENTY-THIRD RULE, AFFIDAVITS UNDER.

1. The maker and indorsers of a promissory note may properly be joined as parties defendant in an action by the holder, and separate judgments may be taken against them under R. S. D. C., sec. 827, relating to suits against joint obligors, etc.
2. The statement in an affidavit attached to the declaration in such an action, that the note was *duly* presented for payment and the endorser had *due* notice of dishonor, is not a mere statement of legal conclusions, but is a sufficient statement of facts upon the question of notice under the 73d rule, allowing summary judgment on affidavit in certain cases.

No. 459. Submitted May 17, 1895. Decided June 3, 1895.

HEARING on an appeal by one of three defendants from a judgment under the seventy-third rule in an action on a promissory note. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Chapin Brown* and *Mr. Arthur H. O' Connor* for the appellant:

1. Before judgment could be rendered against the appellant as indorser, it should be shown by the affidavit filed with the declaration or by proof upon trial that the note was at maturity presented for payment at the place designated for payment in the note ; that it was not paid, and that the appellant was notified of the presentment and non-payment of the note, and that diligence was used in giving him this notice. The facts constituting this diligence should be set forth, and if protest and notice thereof by a notary were the means resorted to by the plaintiff below for presentment and notice of non-payment, the time, place and manner of the notice of protest should be shown. These facts are necessary before ·the liability of the appellant as indorser can be established. Daniel on Negotiable Instruments, sec. 1050 and 1051. When the facts are undisputed, the question of diligence is a question of law. Ibid, sec. 1058.

The statement in the plaintiff's affidavit " That at its maturity the said note was *duly* presented for payment, and was dishonored and protested for non-payment, whereof each of the said persons named as defendants as aforesaid had *due* notice," is merely a conclusion of law and would not at common law have been sufficient even in the declaration. See old form 2 Chitty Pl. *p. 131 ; *Wilkins* v. *McGuire*, 2 App. D. C. 448.

Section 827 R. S. D. C. allows these defendants to be joined in one suit, but it does not provide for several judgments against one or all of them, and this could not be done without the authority of a statute. 1 Chitty Pl. 44 ; *Weall* v. *King*, 12 East, 54 ; *Max* v. *Roberts*, 5 B. & P. 454 ; *Shirreff* v. *Wilkes*, 1 East, 52 ; *Schneider* v. *Finley*, 1 MacA. 220; *Cooper* v. *Whitehouse*, 6 C. & P. 545 ; *Tuttle* v. *Cooper*, 10 Pick. 281.

*Mr. John B. Larner* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This action is by a holder or indorsee of a promissory note against the maker and two indorsers thereof, to recover the amount of the note and cost of protest. This would have been a misjoinder of parties, according to the common law rules of ·pleading, but such joinder is authorized by section 827, Rev. Stats. D. C.; Comp. Stats., ch. 55, sec. 18, p. 444; *Burdett* v. *Bartlett*, 95 U. S. 637 We perceive no ground of objection to the joinder of parties, or to the separate judgment that has been rendered against one of the indorsers of the note. Such judgment is authorized by the express terms of the statute.

The objection most urged by the appellant, Thomas E. Young, is that taken to the sufficiency of the affidavit filed by the plaintiff, Brainard H. Warner, with his declaration, under rule 73 of the Supreme Court of this District. The declaration contains a special count on the promissory note and its indorsements, and also the common money counts in *assumpsit*. The defendant pleaded the general issue of *non assumpsit*, without affidavit verifying the plea, under the rule. Whereupon the plaintiff moved for judgment under the rule, for want of affidavit of defence; and that motion was granted and the judgment entered against the appellant, one of the indorsers of the note.

Rule 73 requires of the plaintiff, in order to entitle him to judgment under the rule, where the defendant does not plead with sufficient affidavit of defence, that he should " file at the time of bringing his action, an affidavit *setting out distinctly his cause of action, and the sum he claims to be due*, exclusive of all off-sets and just grounds of defence."

The affidavit filed by the plaintiff at the time of bringing his suit, describes the note and the parties thereto, maker and indorsers, and the manner of transfer to the plaintiff, and then states: " That at its maturity the said note was *duly* presented for payment, and was dishonored, and pro-

tested for non-payment, whereof each of the said persons named as defendants had *due* notice, but did not, nor did any one of them, pay the same or any part thereof ; and that the sum of $220 (the amount of the note), with the interest thereon as claimed in the declaration, and $2.05, cost of protest, is now justly due and owing to the plaintiff from the defendants, by reason of the premises, exclusive of all set-offs and just grounds of defence."

To this affidavit it is objected, that the averments that the note was *duly* presented for payment, and was dishonored, whereof *due* notice was given, are but statements of legal conclusions, and not the statement of facts, and therefore the affidavit is insufficient to gratify the rule. But to this we do not agree.

We think the affidavit is in all respects sufficient. It states fully and distinctly the cause of action, and the sum claimed to be due thereon ; and with respect to the facts of demand, and notice of non-payment, the affidavit is sufficiently explicit and certain to inform the court and the defendant of the facts that the proper proceedings had been taken to fix the liability of the indorsers on the note. It is not required that the primary facts in detail should be stated in the affidavit, but only such clear and comprehensive facts as are sufficient to impart notice to the court and the defendant of the plaintiff's right of action and the amount thereof. To say that a note was duly presented and due notice of dishonor given, is only equivalent to saying that the note was, at the time when due, presented to the maker for payment, and that he refused payment, and thereupon notice of that fact was communicated to the indorsers. This is the meaning in fact of duly presented and due notice of dishonor given. And this to the court and to the defendant conveys full knowledge in fact of what has been done to fix the liability of the indorsers ; and neither court nor defendant misunderstands it, nor is either liable to be misled by it. To require greater particularity and more specific enumeration of facts, would be

D. C.]                    Syllabus.

even more than transferring all the technical nicety and elaboration of careful statement from the old common law precedents of special pleading to the affidavit used in a simplified system, and which is intended simply to show the substantial ground of claim or defence, and is neither used as pleading or evidence in the trial of the action.

The judgment must be affirmed.

*Judgment affirmed.*