# BLAGDEN

*v.*

## THE UNITED STATES, TO THE USE OF PREINKERT.

---

BONDS, ACTIONS ON; PRINCIPAL AND SURETY; PLEADING AND PRACTICE.

1. The plaintiff, in a suit on an executor's bond, against the executor and his sureties, by taking a judgment by default against the executor, does not thereby release the sureties from further liability, although in the declaration it is alleged that the bond is joint while, in fact, it is joint and several; *construing* Sec. 827, R. S. D. C.

2. Objections by one of several defendants in an action on a bond against an executor and his sureties, that the declaration fails to state that the executor ever entered upon his office; or that the bond was ever delivered or approved by the Orphans' Court; or that assets ever came into the executor's hands wherewith to pay the claim of the plaintiff, or that there were any demand and refusal to pay, or that the Orphans' Court ever ordered the executor to pay — are immaterial, and, at most, constitute matters of defense which, if true, should be pleaded.

No. 1085. Submitted May 21, 1901. Decided June 4, 1901.

HEARING on an appeal (specially allowed) by one of several defendants from an interlocutory judgment of the Supreme Court of the District of Columbia, sustaining a demurrer to a plea *puis darrein continuance,* in an action on an executor's bond against the principal and sureties. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is a suit on an executor's bond givein in the orphans' court branch of the Supreme Court of the District by John Taylor, as executor of James Taylor, deceased, with the appellant, Thomas Blagden, and George W. White as sureties, conditioned for the faithful performance of his duties by said executor. The suit was instituted in the name of the United States, to which the bond was executed, as plaintiff, for the use of four infant children, suing by their guardians, against the executor and his two sureties. The declaration, after stating the execution of the bond, and its condition, and making *profert* thereof, proceeded to allege as the breach of the condition the failure of the executor to pay to the infant plaintiffs the sum of $466.99, shown by his second and final account of his executorship, duly approved and passed by the court, to be due to each one of the said infant plaintiffs as his or her distributive share of the estate of the aforesaid James Taylor, deceased, or the sum of $1,867.99 in all, subject to some credits aggregating $286.90. It alleged the bond to have been executed by Taylor, as principal, and by Blagden and White, as sureties; but it did not in express terms state whether it was a joint, or a joint and several, or a several bond.

Whether the defendant White was served with process, does not appear from the record. Taylor and Blagden were served with process. Blagden pleaded, and Taylor made default; and judgment final by default was rendered against the latter. Thereupon Blagden filed a plea *puis darrein continuance* to the effect that the judgment against Taylor operated as a release of himself from liability on the bond; and he filed as part of his plea a copy of the bond, from which it appeared that this latter was in terms a joint and several bond.

The plea was demurred to by the plaintiff, and the demurrer was sustained; and from the order sustaining the demurrer the defendant Blagden has been allowed a special appeal to this court.

*Mr. Wm. Stone Abert* and *Mr. R. Ross Perry* for the appellant.

*Mr. Ralph P. Barnard* and *Mr. Guy H. Johnson* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

As is apparent from the appellant's plea *puis darrein continuance,* his contention is that the plaintiffs, by taking a judgment against the principal, John Taylor, thereby released his sureties from further liability; and that the case is not governed by section 827 of the Revised Statutes of the United States for the District of Columbia, which, it is claimed, relates to obligations exclusively joint and to obligations exclusively several, but not to obligations both joint and several, which are assumed to be left as at common law, and in which it is further assumed that no judgment can be entered at common law against one of the joint obligors without thereby releasing the others.

The section of the Revised Statutes referred to is as follows:

" Where money is payable by two or more persons jointly or severally, as by joint obligors, covenantors, makers, drawers, or indorsers, one action may be sustained and judgment recovered against all or any of the parties by whom the money is payable, at the option of the plaintiff. But an action against one or some of the parties may, while the litigation therein continues, be pleaded in bar of another action against another or others of said parties."

This statute, as was remarked by the Supreme Court of the United States in the case of *Burdette* v. *Bartlett,* 95 U. S. 637, is not happily expressed, and the words, which have been inserted in it by way of illustration, " like many other intended illuminations, serve but to darken the subject." But the effect of the construction put upon it by the Supreme Court in that case and by this court in the cases of *Harris* v. *Leonhardt,* 2 App. D. C. 318, and *Young* v. *Warner,* 6 App. D. C. 433, amply suffices to cover the case now before us.

It is conceded by the appellant that a "*joint and several bond*" may be treated by any person entitled to sue thereon either as a joint bond or as a several bond, at his option, the restriction being that it may not be treated as being both at the same time. In other words, in the case of a joint and several bond, all the obligors may be joined as defendants in one suit and one joint judgment may be recovered against them; or several suits may be maintained against the several obligors separately, and separate judgments recovered against each; but no intermediate number may be selected less than the whole for any one suit. And this is the law, with some exceptions. *United States* v. *Lefler,* 11 Pet. 86; *Mason* v. *Eldred,* 6 Wall. 231; *Pirie* v. *Tvedt,* 115 U. S. 41; *Minor* v. *Mechanics' Bank,* 1 Pet. 46.

Now, if a joint and several bond is treated by the plaintiff as a joint bond, and he has elected to bring suit upon it as a joint bond, it becomes for the purpose of such suit exclusively a joint bond, and the element of severalty is excluded from consideration. The bond, to all legal intents and purposes, becomes merely a joint bond in that suit; and being such, it is covered by the express words of the statute, which confessedly and in terms applies to joint obligations. For the purpose of suit and for the purpose of construction, the word *and,* in the expression "*joint and several,*" is the equivalent of the word "or." Bouvier's Law Dictionary, word "Or."

But even at common law, in the absence of a statute, the appellant's contention is unsound. It was decided by the Supreme Court of the United States in the case of *United States* v. *Lefler,* 11 Pet. 86, that, in a suit against all the joint obligors on a joint and several bond, after judgment has been taken against one by confession, the suit may be continued against the others. Now, there can be no difference in this regard between taking judgment by confession and taking judgment by default. While it is true as a general rule that in a joint suit only a joint judgment is proper, yet when in such a suit the defendants have severed in their pleadings, as they are undoubtedly entitled

to do in all cases, it would be absurd to hold that those pleadings must all eventuate in one joint judgment. But whatever might have been the rule of the common law on this point, we are entirely clear that the bond here sued on is for the purpose of this suit a joint bond, and that, under the express provisions of the statute, several judgments may be recovered upon it.

It was said in the cases of *Harris* v. *Leonhardt,* 2 App. D. C. 318, 322: " Of course, it is well settled, without the aid of a statute, that, in the case of a joint and several contract, an unsatisfied judgment against one of the promisors is no bar to a subsequent action against the other; and the statute, as we have seen, places a joint contract for the payment of money on the same footing as a several contract, with respect to the right of suit thereon." And again: " The obvious meaning of this statute is to put the right of action on all contracts for the payment of money, whether joint or several, on one and the same footing, and to give to the plaintiff the right to judgment against all the parties bound by such contract."

In our opinion these considerations serve to dispose of the present case.

But the appellant contends further that the demurrer interposed by the appellees to his plea *puis darrein continuance* opens up the whole record, and that the plaintiff's declaration in the cause is fatally defective in six several particulars, which are enumerated as follows: (1) That the bond in question is a joint and several bond, while the statement in the declaration is that of a joint bond; (2) that there is no statement in the declaration that John Taylor ever entered upon the office of executor; (3) that it is not alleged to have been delivered or approved by the orphans' court; (4) that it does not appear that assets came into the executor's hands wherewith to pay the claim of the plaintiffs; (5) that there is no averment of demand and refusal to pay; (6) that it does not appear that there was any order of the orphans' court on the executor to pay.

We do not regard any of these contentions as well founded;

an'd it must be said that they do not seem to be very seriously insisted on, except perhaps the first. But this first contention — that the bond sued on is a joint and several bond, while, as described in the declaration, it would appear to be merely a joint obligation — has already been disposed of by what we have said in regard to the right to maintain this suit under the statute. No doubt it would have been the better practice to have fully described the bond as a joint and several obligation; but in view of what we have already said, this cannot be regarded as a fatal variance. The declaration may well be amended in this regard when the cause goes back for further proceedings.

As to the other objections to the declaration it is sufficient to say that we do not regard them as material, or as sustained by the authorities cited in support of them. Rather are they contravened by those authorities. At the utmost, they suggest matters which, if true in point of fact, would, under our present simplified system of pleading, constitute points of defense by a defendant rather than of anticipation by plaintiff. We cannot regard them as of importance in the present connection.

It is our opinion that the order of the Supreme Court of the District, from which this appeal has been allowed, should be *affirmed, with costs; and that the cause should be remanded to that court for further proceedings therein according to law. And it is so ordered.*