## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SCHUFF STEEL CO.,

       Plaintiff,

    v.

BOSWORTH STEEL ERECTORS, INC., *et al.*,

       Defendants.

Civil Action No. 18-cv-435 (TSC)

### MEMORANDUM OPINION

Plaintiff Schuff Steel Co. ("Schuff") sued its subcontractor Defendant Bosworth Steel Erectors, Inc. ("Bosworth") and surety Travelers Casualty and Surety Company of America ("Travelers") after Bosworth failed to complete its subcontract work and Schuff took over. In a previous Opinion (ECF No. 79), the court denied summary judgment to both Schuff and Bosworth regarding breach of the subcontract, but granted summary judgment to Travelers, holding that Travelers did not breach the bond because Schuff failed to give it notice and an opportunity to cure. *Schuff Steel Co. v. Bosworth Steel Erectors*, No. 18-cv-435, 2022 WL 4534729 (D.D.C. Sept. 28, 2022). Schuff and Bosworth have now cross moved for summary judgment regarding whether Bosworth can be held liable for its failure to complete the subcontract work under the surety bond.

Having considered the record and the parties' briefs, the court will GRANT Schuff's Motion for Summary Judgment, ECF No. 82, and DENY Bosworth's Cross Motion for Summary Judgment, ECF No. 83. Bosworth was required to complete the subcontract work or

face liability under the plain terms of the surety bond, and the parties do not dispute that Bosworth failed to complete the subcontract work. Consequently, it is liable under the bond.

## I.    BACKGROUND

Schuff and Bosworth were two of the subcontractors that constructed the D.C. United Soccer Stadium now known as Audi Field. Mem. Op., ECF No. 79 at 2. The general contractor subcontracted steel work to Schuff, which further subcontracted with Bosworth. *Id.* The subcontract required Bosworth to obtain a surety bond, which it executed with Travelers. *Id.* at 3. The bond named Bosworth as principal, Travelers as surety, and Schuff as oblige. *Id.*

The Audi Field construction did not go as planned. After a problem with erecting the scoreboard, Schuff notified Bosworth that it intended to terminate the subcontract due to default, *id.* at 7, and notified Travelers, *id.* at 8. Schuff also filed this suit against Bosworth and Travelers, seeking damages for breach of contract against Bosworth (Count I) and damages for breach of the surety bond against Bosworth and Travelers, jointly and severally (Count II). Compl., ECF No. 1 ¶¶ 28–40. Bosworth filed two counterclaims. First Am. Countercl., ECF No. 19 ¶¶ 29–54. Following discovery, Schuff and Bosworth cross moved for summary judgment on Count I and the counterclaims, ECF Nos. 57, 69, and Schuff and Travelers cross moved for summary judgment on Count II, ECF Nos. 56, 67.

The court denied Bosworth's and Schuff's cross motions for summary judgment, finding genuine issues of material fact regarding breach of the subcontract. Mem. Op. at 13–20. But the court granted Travelers' motion for summary judgment and denied Schuff's cross motion on Count II, concluding that Travelers did not breach the bond. *Id.* at 22. Because Schuff and Bosworth did not move for summary judgment against each other on Count II, the court's opinion left unresolved Count II against Bosworth. *Id.* at 23. Schuff and Bosworth subsequently

cross moved for summary judgment on Count II, regarding whether Bosworth is liable under the bond. ECF Nos. 82, 83.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if "a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment bears the initial burden to provide evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When parties file cross motions for summary judgment, each motion is viewed separately, in the light most favorable to the non-moving party, with the court determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Howard Town Ctr. Dev., LLC v. Howard Univ.*, 267 F. Supp. 3d 229, 236 (D.D.C. 2017) (internal quotation omitted).

## III. ANALYSIS

### A. Bosworth was Bound by the Surety Bond

At the outset, the parties disagree as to whether Bosworth was bound by the surety bond at all: Bosworth claims it was not bound, but Schuff argues that it was. *Compare* Mem. in Supp. of Mot. for Summ. J., ECF No. 82-1 at 5–6 ("Motion"), *with* Mem. in Opp'n to Pl.'s Mot. for Summ. J. & in Supp. of Cross Mot. for Summ. J., ECF No. 83-1 at 6–8, 13–14 ("Cross Motion").

As the court previously acknowledged, District of Columbia law applies to this dispute. *See* Mem. Op. at 20–21. Under District law, "the written language embodying the terms of an agreement will govern the rights and liabilities of the parties." *Dyer v. Bilaal*, 983 A.2d 349, 354–55 (D.C. 2009) (citation omitted). "In other words, a party's unexpressed intent is irrelevant if a contract is unambiguous." *Id.* at 355. Here, the surety bond unambiguously binds Bosworth by its terms. It was signed by Bosworth, it states that Bosworth and Travelers both "bind themselves," and it makes Bosworth and Travelers jointly and severally liable for the full amount of the subcontract work. Subcontract Performance Bond, ECF No. 82-4 at 1–4. Thus, the plain language suggests the bond makes Bosworth liable so long as the condition precedent is met— Bosworth fails to "perform the Construction Work to be done under the Subcontract." *Id.* at 1, 3.

Moreover, Bosworth's obligation to Schuff under the bond is not inextricably linked to Travelers'. Bosworth and Travelers have bonded themselves "jointly and severally." *Id.* at 3. As the Supreme Court has explained, "a joint and several contract . . . contains distinct engagements, that of each contractor individually, and that of all jointly." *Mason v. Eldred*, 73 U.S. 231, 235 (1867). That means contracting parties "may be sued separately on their several engagements or together on their joint undertaking." *Id.*; *accord* 12 Williston on Contracts § 36.1 (4th ed.) (In a joint and several contract, "each party is bound separately for the performance for which it promises" (citing cases)). The surety bond provides that Schuff must notify Travelers and give it the opportunity to cure the nonperformance on the subcontract before it may sue to collect. Subcontract Performance Bond at 1. The bond does not, however, state that Bosworth is entitled to notice or an opportunity to cure. Nor does it condition Bosworth's liability for the subcontract work on Schuff notifying Travelers or giving Travelers the opportunity to cure. Thus, Bosworth is liable for the subcontract work under the bond if the

condition precedent is met, regardless of whether Schuff properly notified Travelers or gave Travelers the opportunity to cure Bosworth's nonperformance.

This holding also comports with decisions from other courts. The only cases cited by either side that are on point indicate that "the principal debtor is at all times liable for the entire and full debt" under a surety bond. *Matter of 1616 Reminic Ltd P'ship*, 9 B.R. 679, 683 (Bankr. E.D. Va. 1981); *accord Dick Kelchner Excavating, Inc. v. Gene Zimmerman, Inc.*, 264 N.E.2d 918, 922 (Ohio C.P. 1970) ("Any principal upon a performance bond is unconditionally liable to perform in accordance with the terms and conditions thereof. Thus the principal is primarily and always liable, and may be pursued without reference to the surety.").

Bosworth disagrees. First, it argues that it was never bound by the bond; its obligation to perform arises only under the subcontract. Reply in Supp. of Cross Motion, ECF No. 86 at 4–6. Not so. Bosworth bound itself in the terms of the bond, including making itself jointly and severally liable for the full sum of the contract work. Subcontract Performance Bond at 1–4. Bosworth does not argue that the surety bond is not a valid contract, nor does it cite any case or principle that would prevent it from being bound to perform the contract work under both the subcontract and the performance bond.

Second, Bosworth contends that the entire bond is void, and thus unenforceable, because the court held that Schuff failed to properly notify Travelers of Bosworth's default. Cross Motion at 6–8, 13–14; *see* Mem. Op. at 22 (holding "that Travelers did not breach" the bond and granting Travelers summary judgment on Count II). Bosworth cites several cases for the proposition that the court's holding means the bond is void. Cross Motion at 14–16 (citing *Hunt Const. Grp. v. Nat'l Wrecking Corp.*, 542 F. Supp. 2d 87 (D.D.C 2008); *St. Paul Fire & Marine Ins. Co. v. City of Green River*, 93 F. Supp. 2d 1170 (D. Wyo. 2000)). In those cases, however,

the court held that the oblige could not recover from the surety—not that any obligation between the oblige and the principal was also void. *Hunt Const. Grp.*, 542 F. Supp. 2d at 96 ("Where the obligee fails to notify a surety of an obligor's default in a timely fashion, so that the surety can exercise its options under the controlling performance bond, the obligee renders the bond null and void . . . [the obligee] cannot recover from the Sureties."); *St. Paul Fire & Marine Ins. Co.*, 93 F. Supp. 2d at 1178–79 ("Because the Court concludes that St. Paul would not have entered the performance bond in the absence of its performance options under Paragraph 4, the Board's action depriving St. Paul of those options was a material breach, which discharged St. Paul from any further duty of performance under the bond."). Thus, neither case addresses the question presented here: whether the contract between the principal and oblige remains even after the contract between the oblige and surety is voided.

Finally, Bosworth argues that it was a beneficiary of the contract between Schuff and Travelers, so Schuff's breach in its obligation to Travelers violated Bosworth's right as a beneficiary. Cross Motion at 11–13. Under Bosworth's theory, it is a beneficiary because Travelers could have picked Bosworth as an alternative subcontractor in exercising its right to cure under the bond. *See id.* To be sure, nothing on the face of the bond indicates that Travelers could not have selected Bosworth to perform the subcontract work in the event of a default, but that possibility alone does not make Bosworth a beneficiary. Importantly, Bosworth is already a party to the bond directly—as a principal. It is not a third party at all.

Moreover, Bosworth does not fit the requirements of an intended third-party beneficiary to Travelers' and Schuff's agreement. Only entities "the contracting parties had an express or implied intention to benefit" have legal rights and status as beneficiaries. *Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1064 (D.C. 2008) (citation omitted). An

entity may be a beneficiary "if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Id.* (quoting Restatement (Second) of Contracts § 302(1)). Because in no situation is Bosworth owed money under the bond, it is only a beneficiary if its performance is "appropriate to effectuate the intention of the parties" and Travelers intends for Bosworth to perform the subcontract work if given the right to cure nonperformance. Bosworth, as the party seeking beneficiary status, bears the "burden of proving the requisite intent." *Id.* (quoting *Ross v. Imperial Constr. Co.*, 572 F.2d 518, 520 (5th Cir. 1978)).

Nothing in the record indicates that Schuff and Travelers intended to make Bosworth a beneficiary of the bond or that Travelers intended for Bosworth to perform given the opportunity to cure. Rather, Bosworth "might" have benefitted "from some of the promises made by" Travelers, had Travelers chosen to have Bosworth cure its own nonperformance. *Id.* at 1067. That makes Bosworth an "incidental beneficiary" without accompanying legal rights. *Id.* at 1067. Accordingly, Schuff's breach with respect to Travelers does not carry over to Bosworth.

## B.      Bosworth is Liable Under the Bond

Undisputed facts demonstrate that Bosworth breached the surety bond. By its terms, the bond is a conditional contract—it is "null and void" if Bosworth "perform[s] the Construction Work to be done under the Subcontract." Subcontract Performance Bond at 1. The parties do not dispute that "Bosworth did not complete its scope of work under the Subcontract." Schuff's Statement of Facts, ECF No. 82-2 ¶ 13; *see* Bosworth's Statement of Facts, ECF No. 83-2 ¶¶ 1–3 (not including Schuff's ¶ 13 in its disputes). To be sure, the court previously found genuine

disputes of material fact regarding whether Bosworth or Schuff breached the subcontract itself. Mem. Op. at 13–19. But by its plain terms, the bond is conditioned on whether Bosworth "perform[s] the Construction Work to be done under the Subcontract," not whether Bosworth or Schuff comply with the subcontract. Bosworth's nonperformance is undisputed.

Bosworth argues that it cannot be held liable under the bond because Schuff prevented it from completing the subcontract work. Cross Motion at 9–11. "Where liability under a contract depends upon a condition precedent," a party cannot prevail by making "the performance of the condition precedent impossible, or by preventing it." *Shear v. Nat'l Rifle Ass'n of Am.*, 606 F.2d 1251, 1255 (D.C. Cir. 1979). Bosworth contends that Schuff prevented it from performing the subcontract work by (1) making a final decision to terminate Bosworth's subcontract without first issuing a cure or default notice, (2) directing Bosworth to demobilize from the job site, (3) issuing a notice of intent to terminate without allowing the opportunity to cure, and (4) taking over Bosworth's remaining work. Cross Motion at 10. At bottom, Bosworth's concern is with how Schuff handled its nonperformance. But the bond does not entitle Bosworth to notice or the opportunity to cure. Because Bosworth agrees that it did not complete its work under the subcontract, it is liable under the surety bond.

## IV.     CONCLUSION

For the foregoing reasons, the court will GRANT Plaintiff's Motion for Summary Judgment, ECF No. 82, and DENY Defendant's Cross Motion for Summary Judgment, ECF No. 83.  An Order will accompany this Memorandum Opinion.

Date: February 21, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge